65  611
111  555

## JOWERS *vs.* BAKER

L filed a bill for account and settlement against B, who answered in the nature of a cross-bill, making J a party. J answered in the nature of a cross-bill against both B and L. B filed a plea of bankruptcy, and the case was dismissed as to him ; it proceeded to trial between J and L. J excepted to the dismissal as to B :

*Held*, that both L and B were necessary parties to the bill of exceptions, and for failure to serve L the writ of error will be dismissed.

Practice in the Supreme Court. September Term, 1880.

Reported in the decision.

E. G. SIMMONS, by JACKSON & LUMPKIN; T. H. PICKETT, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

JACKSON, Chief Justice.

A motion was made to dismiss this writ of error on the ground that John G. Lidy, the complainant, was not made a party to the bill of exceptions, and there was no service of the bill upon him. The bill of exceptions simply alleges that the bill in equity was filed by Lidy against Baker and Jowers, and that there was a cross-bill of said Baker, and that the court, by agreement, passed on the issue made by the plea of Baker, setting forth a discharge in bankruptcy, and held Baker discharged from the debt set forth in the pleadings—"which ruling is assigned as error."

On looking to the pleadings it appears that Lidy is the complainant, and that Baker and Jowers are defendants, who filed answers in the nature of cross-bills. Jowers excepted, and only served Baker, the other defendant, because the main contest seemed to have been betwen those two defendants ; but it would be a novel proceeding to

bring a cause between a complainant and two defendants to this court without serving the complainant and making him a party. Though the two defendants may have litigated with each other by issues made in the cross-bills, yet the complainant brought the case into the court below and prayed relief, and in the cross-bills, or answers in the nature of cross-bills, the prayer was for relief against him as well as against the co-defendant. In any view of the case, the complainant is a necessary party, and should have been made so by service, and the writ of error is dismissed. See *Brown vs. Kennedy, sheriff, et al.*, and *Jordan vs. Kelly and Brother*, September term, 1879.

Writ of error dismissed.